[L. A. No. 13097. In Bank.—June 28, 1933.]

BY-PRODUCTS FUEL MACHINE COMPANY, Appellant, v. JOHN B. DAWSON, Respondent.

Bordwell, Mathews & Wadsworth, Ray W. Bruce and Odell S. McConnell for Appellant.

Winterer & Ritchie for Respondent.

LANGDON, J.—Defendant Dawson was sued by R. B. Coleman in one suit and by By-Products Fuel Machine Compay in another. Judgment was for the plaintiffs in each case. Appeals were taken by the defendant on the same transcript, and one judgment was affirmed and the other reversed. ■ After final judgment was entered, costs were awarded defendant in the case in which he was successful, and the present appeal is from the order taxing costs. Plaintiff objects to an item of $838.48 for the transcript on appeal. It appears that plaintiff had secured a daily transcript of the testimony from the reporter, and that at the time when defendant took his appeal, he purchased the same from plaintiff for $838.40, which was thereupon paid. It is plaintiff's contention that this sum was not paid to the *reporter* for a transcript on appeal, and that therefore it was not a proper item of costs under section 1027 of the Code of Civil Procedure. We cannot see how plaintiff can complain of the allowance made, since defendant could have secured another original transcript from the reporter, at additional cost, and an allowance for this would have been proper. Defendant's act in utilizing the transcript already paid for by plaintiff resulted in a substantial saving to both parties. Moreover, it was stipulated between them that the said transcript was "to constitute a full and complete reporter's transcript at the trial of said action after demand for the said transcript was made under section 953a, Code of Civil Procedure, by the appellant". There is no doubt but that the expenditure was made by defendant "in connection with said appeal and the preparation of the record for the appeal". (Code Civ. Proc., sec. 1027.)

No other points require discussion. The order is affirmed.

Preston, J., Shenk, J., Curtis, J., Waste, C. J., Seawell, J., and Thompson, J., concurred.